**LegalGP**
Mitch Kalcheim (SBN: 175846)
725 S. Figueroa St. Suite 1750
Los Angeles, California 90017
Telephone: 310-980-7749
MHK@ LEGALGP.COM

Attorneys for Defendant
Barbara Darwall

# UNITED STATES DISTRICT COURT FOR THE

# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XIAOHONG (A/K/A "SOPHIE") QI, AND HARMONIA HOLDINGS LTD.<br><br>Plaintiffs<br><br>vs.<br><br>KENNETH DINGLEDINE, YEBO (A/K/A "BORIS") CAO, BARBARA DARWALL, ROYO HOLDINGS LTD, HARMONIA HOLDINGS UK LTD., BBK THEATRICALS LTD, JOHN DOES 1 THROUGH 10 AND ABC COMPANIES 1 THROUGH 10<br><br>Defendants | CASE NO. 1:23-cv-1l094-GHW-RFT<br><br><br>**BARBARA DARWALL'S ANSWER AND CROSS COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Barbara Darwall ("Ms. Darwall" or "Defendant") answers the Complaint ("Complaint") of Xiaohong (A/K/A "Sophie") Qi (referred personally and individually as "Qi"), and Harmonia Holdings Ltd. (referred to as "Harmonia Holdings" and collectively with Qi as "Plaintiffs") as follows:

Preliminarily, Ms. Darwall notes that in the Complaint, Plaintiffs name numerous Defendants and accordingly makes allegations against each Defendant; Ms. Darwall responds only to allegations directed at herself.

1.     Responding to the allegations in Paragraph 1 of the Complaint, Ms. Darwall denies each and every allegation.

2.     Responding to the allegations in Paragraph 2 of the Complaint, Harmonia Theatrical Licensing LLC is not an affiliate of Harmonia Holdings.  No response is required by Ms. Darwall for the remainder of the characterizations and statements by the Plaintiffs.

3.     Responding to the allegations in Paragraph 3 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

4.     Responding to the allegations in Paragraph 4 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

5.     Responding to the allegations in Paragraph 5 of the Complaint, Ms. Darwall denies each and every allegation.

6.     Responding to the allegations in Paragraph 6 of the Complaint, Ms. Darwall denies each and every allegation.

7.     Responding to the allegations in Paragraph 7 of the Complaint, Ms. Darwall denies each and every allegation.

8.     Responding to the allegations in Paragraph 8 of the Complaint, Ms. Darwall

denies each and every allegation.

9.     Responding to the allegations in Paragraph 9 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

10.     Responding to the allegations in Paragraph 10 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

11.     Responding to the allegations in Paragraph 11 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

12.     Responding to the allegations in Paragraph 12 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

13.     Responding to the allegations in Paragraph 13 of the Complaint, Ms. Darwall is a natural person residing in the State of New York.  Ms. Darwall denies each and every other allegation.

14.     Responding to the allegations in Paragraph 14 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

15.     Responding to the allegations in Paragraph 15 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

16.     Responding to the allegations in Paragraph 16 of the Complaint, Ms. Darwall lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

17.     Responding to the allegations in Paragraph 17 of the Complaint, Ms. Darwall lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

18.     Responding to the allegations in Paragraph 18 of the Complaint, Ms. Darwall

lacks knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis denies each and every allegation.

19.     Responding to the allegations in Paragraph 19 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

20.     Responding to the allegations in Paragraph 20 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

21.     Responding to the allegations in Paragraph 21 of the Complaint regarding Federal question jurisdiction, the appropriateness of such pleading presents a legal question (not a factual account), for which Ms. Darwall need not provide an answer.

22.     Responding to the allegations in Paragraph 22 of the Complaint regarding in personam jurisdiction, the appropriateness of such pleading presents a legal question (not a factual account), for which Ms. Darwall need not provide an answer.

23.     Responding to the allegations in Paragraph 23 of the Complaint regarding venue, the appropriateness of such pleading presents a legal question (not a factual account), for which Ms. Darwall need not provide an answer.

24.     Responding to the allegations in Paragraph 24 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

25.     Responding to the allegations in Paragraph 25 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

26.     Responding to the allegations in Paragraph 26 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

27.     Responding to the allegations in Paragraph 27 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

28.     Responding to the allegations in Paragraph 28 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

29.     Responding to the allegations in Paragraph 29 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

30.     Responding to the allegations in Paragraph 30 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

31.     Responding to the allegations in Paragraph 31 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

32.     Responding to the allegations in Paragraph 32 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

33.     Responding to the allegations in Paragraph 33 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

34.     Responding to the allegations in Paragraph 34 of the Complaint, Ms. Darwall is a veteran Broadway producer who was hired by Harmonia Holdings as a consultant in or around September 2020 for an initial monthly pay of $1,250 which was to increase to $3,000 effective January 1, 2021 and increase every two months thereafter until reaching $10,000 per month effective July 1, 2021.

35.     Responding to the allegations in Paragraph 35 of the Complaint, Ms. Darwall denies each and every allegation.

36.     Responding to the allegations in Paragraph 36 of the Complaint, Ms. Darwall denies each and every allegation.

37.     Responding to the allegations in Paragraph 37 of the Complaint, Ms. Darwall denies each and every allegation.

38.     Responding to the allegations in Paragraph 38 of the Complaint, Ms. Darwall denies each and every allegation.

39.     Responding to the allegations in Paragraph 39 of the Complaint, Ms. Darwall denies each and every allegation.

40.     Responding to the allegations in Paragraph 40 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

41.     Responding to the allegations in Paragraph 41 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

42.     Responding to the allegations in Paragraph 42 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

43.     Responding to the allegations in Paragraph 43 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

44.     Responding to the allegations in Paragraph 44 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

45.     Responding to the allegations in Paragraph 45 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

46.     Responding to the allegations in Paragraph 46 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

47.     Responding to the allegations in Paragraph 47 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

48.     Responding to the allegations in Paragraph 48 of the Complaint, Ms. Darwall denies each and every allegation.

49.     Responding to the allegations in Paragraph 49 of the Complaint, Ms. Darwall

denies each and every allegation.

50.     Responding to the allegations in Paragraph 50 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

51.     Responding to the allegations in Paragraph 51 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs

52.     Responding to the allegations in Paragraph 52 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

53.     Responding to the allegations in Paragraph 53 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

54.     Responding to the allegations in Paragraph 54 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

55.     Responding to the allegations in Paragraph 55 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

56.     Responding to the allegations in Paragraph 56 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

57.     Responding to the allegations in Paragraph 57 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

58.     Responding to the allegations in Paragraph 58 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

59.     Responding to the allegations in Paragraph 59 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

60.     Responding to the allegations in Paragraph 60 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

61.    Responding to the allegations in Paragraph 61 of the Complaint, Ms. Darwall denies each and every allegation.

62.    Responding to the allegations in Paragraph 62 of the Complaint, Ms. Darwall denies each and every allegation.

63.    Responding to the allegations in Paragraph 63 of the Complaint, Ms. Darwall agrees that at the bottom of each of the slides in the Spring Package deck is the notation, "The information contained in this document is confidential, privileged and only for the information of the intended recipient and may not be used, published or redistributed without the prior written consent of Harmonia."

64.    Responding to the allegations in Paragraph 64 of the Complaint, Ms. Darwall denies each and every allegation.

65.    Responding to the allegations in Paragraph 65 of the Complaint, Ms. Darwall denies each and every allegation.

66.    Responding to the allegations in Paragraph 66 of the Complaint, Ms. Darwall denies each and every allegation.

67.    Responding to the allegations in Paragraph 67 of the Complaint, Ms. Darwall denies each and every allegation.

68.    Responding to the allegations in Paragraph 68 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

69.    Responding to the allegations in Paragraph 69 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

70.    Responding to the allegations in Paragraph 70 of the Complaint, Ms. Darwall denies each and every allegation.

71.     Responding to the allegations in Paragraph 71 of the Complaint, Ms. Darwall denies each and every allegation.

72.     Responding to the allegations in Paragraph 72 of the Complaint, Ms. Darwall denies each and every allegation.

73.     Responding to the allegations in Paragraph 73 of the Complaint, Ms. Darwall denies each and every allegation.

74.     Responding to the allegations in Paragraph 74 of the Complaint, Ms. Darwall denies each and every allegation.

75.     Responding to the allegations in Paragraph 75 of the Complaint, it contains vague and ambiguous characterizations to which no response is required. Ms. Darwall is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 75, and therefore denies the same. To the extent this Paragraph contains conclusions of law, no response is required.

76.     Responding to the allegations in Paragraph 76 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

77.     Responding to the allegations in Paragraph 77 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

78.     Responding to the allegations in Paragraph 78 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

79.     Responding to the allegations in Paragraph 79 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

80.     Responding to the allegations in Paragraph 80 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

81.     Responding to the allegations in Paragraph 81 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

82.     Responding to the allegations in Paragraph 82 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

83.     Responding to the allegations in Paragraph 83 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

84.     Responding to the allegations in Paragraph 84 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

85.     Responding to the allegations in Paragraph 85 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

86.     Responding to the allegations in Paragraph 86 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

87.     Responding to the allegations in Paragraph 87 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

88.     Responding to the allegations in Paragraph 88 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

89.     Responding to the allegations in Paragraph 89 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

90.     Responding to the allegations in Paragraph 90 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

91.     Responding to the allegations in Paragraph 91 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

92.     Responding to the allegations in Paragraph 92 of the Complaint, no response is

required by Ms. Darwall for the requests by the Plaintiffs.

93.     Responding to the allegations in Paragraph 93 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

94.     Responding to the allegations in Paragraph 94 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

95.     Responding to the allegations in Paragraph 95 of the Complaint, no response is required by Ms. Darwall for the requests by the Plaintiffs.

96.     Responding to the allegations in Paragraph 96 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

97.     Responding to the allegations in Paragraph 97 of the Complaint, Ms. Darwall denies each and every allegation.

98.     Responding to the allegations in Paragraph 98 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

99.     Responding to the allegations in Paragraph 99 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

100.    Responding to the allegations in Paragraph 100 of the Complaint, Ms. Darwall denies each and every allegation.

101.    Responding to the allegations in Paragraph 101 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

102.    Responding to the allegations in Paragraph 102 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

103.    Responding to the allegations in Paragraph 103 of the Complaint, Ms. Darwall states the amount she received was less than what was promised in her Employment Agreement.

104.    Responding to the allegations in Paragraph 104 of the Complaint, it contains vague and ambiguous characterizations to which no response is required. Ms. Darwall is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 104 and therefore denies the same. To the extent this Paragraph contains conclusions of law, no response is required.

105.    Responding to the allegations in Paragraph 105 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

106.    Responding to the allegations in Paragraph 106 of the Complaint, Ms. Darwall denies each and every allegation.

107.    Responding to the allegations in Paragraph 107 of the Complaint, Ms. Darwall denies each and every allegation.

108.    Responding to the allegations in Paragraph 108 of the Complaint, Ms. Darwall denies each and every allegation.

109.    Responding to the allegations in Paragraph 109 of the Complaint, Ms. Darwall denies each and every allegation.

110.    Responding to the allegations in Paragraph 110 of the Complaint, Ms. Darwall denies each and every allegation.

111.    Responding to the allegations in Paragraph 111 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Defend Trade Secrets Act, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.

112.    Responding to the allegations in Paragraph 112 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Defend Trade Secrets Act, which is

in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.

113.     Responding to the allegations in Paragraph 113 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Defend Trade Secrets Act, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

114.     Responding to the allegations in Paragraph 114 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

115.     Responding to the allegations in Paragraph 115 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Defend Trade Secrets Act, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

116.     Responding to the allegations in Paragraph 116 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Defend Trade Secrets Act, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the

extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

117.     Responding to the allegations in Paragraph 117 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Defend Trade Secrets Act, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

118.     Responding to the allegations in Paragraph 118 of the Complaint, Ms. Darwall denies each and every request.

119.     Responding to the allegations in Paragraph 119 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

120.     Responding to the allegations in Paragraph 120 of the Complaint, it contains legal conclusions and allegations that purport to characterize New York State law, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.

121.     Responding to the allegations in Paragraph 121 of the Complaint, it contains legal conclusions and allegations that purport to characterize New York State law, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.

122.     Responding to the allegations in Paragraph 122 of the Complaint, it contains legal conclusions and allegations that purport to characterize the New York State law, which is in the

written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required. The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

123.     Responding to the allegations in Paragraph 123 of the Complaint, Ms. Darwall denies each and every request.

124.     Responding to the allegations in Paragraph 124 of the Complaint, Ms. Darwall denies each and every request.

125.     Responding to the allegations in Paragraph 125 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

126.     Responding to the allegations in Paragraph 126 of the Complaint, Ms. Darwall denies each and every request.

127.     Responding to the allegations in Paragraph 127 of the Complaint, it contains legal conclusions and allegations that purport to characterize the Lanham Act, which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required. The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

128.     Responding to the allegations in Paragraph 128 of the Complaint, Ms. Darwall denies each and every request.

129.     Responding to the allegations in Paragraph 129 of the Complaint, it contains legal

conclusions to which no response is required.

130.    Responding to the allegations in Paragraph 130 of the Complaint, Ms. Darwall denies each and every request.

131.    Responding to the allegations in Paragraph 131 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

132.    Responding to the allegations in Paragraph 132 of the Complaint, it contains legal conclusions and allegations that purport to characterize 15 U.S.C. §1125(a)(l)(B), which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

133.    Responding to the allegations in Paragraph 133 of the Complaint, it contains legal conclusions and allegations that purport to characterize 15 U.S.C. §1125(a)(l)(B), which is in the written public record, that speaks for itself and is the best evidence of its contents, and to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

134.    Responding to the allegations in Paragraph 134 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of

violations of laws, such allegations are denied.

135.　　Responding to the allegations in Paragraph 135 of the Complaint, it contains legal conclusions to which no response is required.

136.　　Responding to the allegations in Paragraph 136 of the Complaint, Ms. Darwall denies each and every request.

137.　　Responding to the allegations in Paragraph 137 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

138.　　Responding to the allegations in Paragraph 138 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

139.　　Responding to the allegations in Paragraph 139 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

140.　　Responding to the allegations in Paragraph 140 of the Complaint, Ms. Darwall denies each and every request.

141.　　Responding to the allegations in Paragraph 141 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

142.　　Responding to the allegations in Paragraph 142 of the Complaint, Ms. Darwall was not paid what was promised in her Consultant Agreement.  Ms. Darwall denies each and every other statement.

143.　　Responding to the allegations in Paragraph 143 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph

contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

144. Responding to the allegations in Paragraph 144 of the Complaint, it contains legal conclusions and allegations to which no response is required. The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied. To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

145. Responding to the allegations in Paragraph 145 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

146. Responding to the allegations in Paragraph 146 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

147. Responding to the allegations in Paragraph 147 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

148. Responding to the allegations in Paragraph 148 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

149. Responding to the allegations in Paragraph 149 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

150. Responding to the allegations in Paragraph 150 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

151. Responding to the allegations in Paragraph 151 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

152. Responding to the allegations in Paragraph 152 of the Complaint, no response is

required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

153.    Responding to the allegations in Paragraph 153 of the Complaint, no response is required by Ms. Darwall for the characterizations and statements by the Plaintiffs.

154.    Responding to the allegations in Paragraph 154 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

155.    Responding to the allegations in Paragraph 155 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law as well as an apparent typographical error to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

156.    Responding to the allegations in Paragraph 156 of the Complaint, Ms. Darwall denies each and every request.

157.    Responding to the allegations in Paragraph 157 of the Complaint, Ms. Darwall denies each and every request.

158.    Responding to the allegations in Paragraph 158 of the Complaint, Ms. Darwall denies each and every request.

159.    Responding to the allegations in Paragraph 159 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

160.    Responding to the allegations in Paragraph 160 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

161.     Responding to the allegations in Paragraph 161 of the Complaint, it contains conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law as well as an apparent typographical error to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

162.     Responding to the allegations in Paragraph 162 of the Complaint, Ms. Darwall denies each and every request.

163.     Responding to the allegations in Paragraph 163 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

164.     Responding to the allegations in Paragraph 164 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

165.     Responding to the allegations in Paragraph 165 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

166.     Responding to the allegations in Paragraph 166 of the Complaint, Ms. Darwall denies each and every request.

167.     Responding to the allegations in Paragraph 167 of the Complaint, Ms. Darwall denies each and every request.

168.     Responding to the allegations in Paragraph 168 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph requires a response, Ms. Darwall denies each and every request.

169.     Responding to the allegations in Paragraph 169 of the Complaint, Ms. Darwall denies each and every request.

170.     Responding to the allegations in Paragraph 170 of the Complaint, Ms. Darwall incorporates its responses to all of the proceeding paragraphs as if set forth in full.

171.     Responding to the allegations in Paragraph 171 of the Complaint, Ms. Darwall denies each and every request.

172.     Responding to the allegations in Paragraph 172 of the Complaint, Ms. Darwall denies each and every request.

173.     Responding to the allegations in Paragraph 173 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

174.     Responding to the allegations in Paragraph 174 of the Complaint, it contains legal conclusions and allegations to which no response is required.  The remainder of this Paragraph contains vague and ambiguous characterizations of alleged fact and law to which no response is required and is denied.  To the extent this Paragraph is deemed to contain allegations of violations of laws, such allegations are denied.

## **AFFIRMATIVE DEFENSES**

As separate and distinct answers and defenses, Ms. Darwall alleges the following affirmative defenses:

### **(Failure to State a Claim)**

175.    The Complaint and each purported cause of action asserted therein fails to state facts sufficient to constitute a cause of action against Ms. Darwall upon which relief may be had.

### **(No Reliance)**

176.    The Complaint and each purported cause of action asserted therein are barred because Plaintiffs did not suffer an injury in fact caused by reliance on any allegedly false or misleading statement by Defendant.

### **(Statute of Limitations)**

177.    The Complaint and each purported cause of action alleged therein are barred by the applicable statute of limitations.

### **(No Standing)**

178.    The Complaint and each purported cause of action alleged therein are barred because Plaintiffs lack standing to sue. Plaintiffs have not suffered injury in fact as a result of anything alleged in Plaintiffs' Complaint.

### **(Conduct Not Unlawful)**

179.    The Complaint and each and every purported cause of action alleged therein pled in reliance upon any Code section are barred because Ms. Darwall's conduct was not unlawful.

### **(Conduct Not Unfair)**

180.    The Complaint and each and every purported cause of action alleged therein pled

in reliance upon any Code section are barred because Ms. Darwall's conduct was not unfair.

**(No Fraud/Deception)**

181.    The Complaint and each and every purported cause of action alleged therein pled in reliance upon any Code section are barred because none of Ms. Darwall's actions and/or statements were likely to mislead anyone, and Plaintiffs were not actually misled.

**(Business Judgment)**

182.    The Complaint and each and every purported cause of action alleged therein are barred because Ms. Darwall's actions were reasonable exercises of business judgment, not forbidden by law.

**(Estoppel/Unjust Enrichment)**

183.    The Complaint and each purported cause of action therein are barred by the doctrines of unjust enrichment and estoppel.

**(Waiver)**

184.    The Complaint and each purported cause of action therein are barred by the doctrine of waiver.

**(Speculative Damages)**

185.    The Complaint and each purported cause of action therein is barred because the purported damages claimed by the Plaintiffs are speculative and unreasonable and are beyond the contemplation of the parties, and thus, the alleged damages are uncertain.

**(Setoff and Recoupment)**

186.    The Complaint and each purported cause of action therein are barred by or subject to the doctrine of setoff and recoupment.

**(Consent)**

187.     The Complaint and each purported cause of action therein are barred by the doctrine of consent.

### (Failure to Join Necessary/Indispensable Parties)

188.     The Complaint and each purported cause of action therein are barred by Plaintiff's failure to name and/or join one or more necessary and/or indispensable parties.

### (Res Judicata/Collateral Estoppel)

189.     Plaintiff's claims are barred by the doctrine of res judicata and/or the doctrine of collateral estoppel.

### (Unclean Hands)

190.     The Complaint and each purported cause of action therein are barred in that Plaintiffs have failed to come to court with clean hands and act in good faith with respect to Ms. Darwall.

### (No Vicarious Liability)

191.     The Complaint and each purported cause of action therein plead against Ms. Darwall are barred because Ms. Darwall cannot be liable for the acts of others.

### (Failure to Mitigate)

192.     The Complaint and each purported cause of action therein are barred by Plaintiffs' own failure to take reasonable steps to mitigate or prevent the damages Plaintiffs allege.

### (Privilege and/or Justification)

193.     The Complaint, and each and every purported cause of action alleged therein are barred in that all acts undertaken or performed by Ms. Darwall were privileged and/or justified.

### (Adequate Remedy at Law)

194.     The Complaint, each purported cause of action alleged therein, and the injunctive

and restitutionary remedies sought therein, are barred because Plaintiffs have an adequate remedy at law.

### (Action Barred by Equities)

195.     The Complaint, each purported cause of action alleged therein, and each remedy sought therein, are barred by the equities. The Court should exercise its equitable discretion to dismiss the Complaint in its entirety.

### (Failure to Exercise Due Care)

196.     The Complaint and each and every purported cause of action alleged therein are barred because Plaintiffs did not exercise ordinary care, caution or prudence to avoid the damages alleged; and the resultant damages, if any, sustained by Plaintiffs and/or were proximately caused and contributed to by the negligence or intentional conduct of Plaintiffs.

### (Intervening Acts of Third Parties)

197.     Ms. Darwall is not liable to Plaintiffs for the intervening and superseding acts and omissions of parties, persons or entities other than Ms. Darwall, and for whose acts or omissions Ms. Darwall is not responsible, which proximately caused the alleged losses and damages referenced in the Complaint.

### (Wrongdoing of Others)

198.     The damages and injuries alleged in the Complaint, if any, were proximately caused in whole or in part by the negligence, direction or other wrongdoing of individuals and entities other than Ms. Darwall, and for which Ms. Darwall is not responsible.  Any award in favor of Plaintiffs must therefore be reduced to the extent such other entities and individuals contributed to the damages, if any, allegedly suffered by Plaintiffs.

### (No Causation or Reliance)

199.     The Complaint and each and every purported cause of action alleged therein are barred to the extent Plaintiffs cannot attribute any damages to any of Ms. Darwall's alleged acts or omissions.

**(Reasonableness)**

200.     The Complaint and each and every purported cause of action alleged therein are barred because Ms. Darwall's actions and/or omissions were entirely reasonable.

**(Conduct in Good Faith)**

201.     The Complaint and each and every purported cause of action alleged therein are barred in that at all times mentioned, any of Ms. Darwall's actions and conduct were undertaken in a permissible way and in a good faith belief that such actions and conduct were lawful and valid.

**(Truth)**

202.     The Complaint and each and every purported cause of action alleged therein are barred in that any statements, communications, made by Ms. Darwall relating to the facts within the alleged Complaint were truthful.

**(Plaintiffs Not Damaged)**

203.     Plaintiffs were not damaged by any act or omission by Ms. Darwall.


**<u>ADDITIONAL AFFIRMATIVE DEFENSES</u>**

Defendant Ms. Darwall alleges that there may be additional affirmative defenses to Plaintiffs' alleged causes of action which are currently unknown to Ms. Darwall, and Ms. Darwall reserves the right to amend this Answer to allege additional affirmative defenses in the

event discovery or other information indicates they are appropriate.

**WHEREFORE**, Ms. Darwall respectfully requests entry of an Order:

a. That this Court deny every item of relief requested in the Complaint;

b. That judgment on the Complaint be entered in favor of Ms. Darwall;

c. That Ms. Darwall be awarded its costs in this action and attorneys' fees as may be permitted by law;

d. And for such other and further relief as this Court may deem proper.

## COUNTER-CLAIMS

## I.  SUMMARY OF COUNTER CLAIMS

204.    In their Complaint, the Plaintiffs acknowledge that Ms. Darwall was hired as a consultant, executed a consultant agreement, and paid a monthly fee. However, they omitted the other details of her agreement—which included pay escalation to $10,000 per month, bonuses, and profit sharing—and failed to explain the policies under which her consultant agreement should be governed.

205.    For the period that Ms. Darwall provided consulting services to Harmonia Holdings through November 2023, she was contractually entitled to receive $331,000 under the Consultant Agreement but was paid only $45,000.  This results in a $286,000 shortfall in her wages.   Harmonia Holdings has repeatedly promised to settle the arrears owed to Ms. Darwall

while she has dutifully fulfilled the terms of the Consultant Agreement.

206.     Since Harmonia Holdings has terminated the Consultant Agreement, Ms. Darwall expects to be paid immediately the full $286,000 owed her as well as reasonable penalties and interest.

## II.  STATEMENT OF FACTS

207.     On or about September 2020, Harmonia Holdings and Ms. Darwall agreed on an Consultant Agreement that brought Ms. Darwall to Harmonia Holdings as International Executive Producer to lead title producing and presenting projects in Asia, guide all projects and educate China team on best producing practices from the West as well as developing new producing and general management practices.

208.     Harmonia Holdings' goal was to build a global cross-cultural live theatrical enterprise, and until her "firing," Ms. Darwall was a key member of the team achieving these goals. Between Ms. Darwall's hiring and 2023, Harmonia Holdings amassed a laundry list of achievements and accolades.

209.     Despite the excellent performance, Harmonia Holdings failed to pay her entire contractual compensation.  Qi routinely pled poverty or had a personal issue that prevented her from paying Ms. Darwall the compensation she was rightfully due.  For example, in 2021, Qi (and her husband, Brad Banks) had an IRS issue (which resulted in the IRS freezing Harmonia Holdings' bank account

210.     Ms. Darwall has been exceedingly accommodating to Harmonia Holdings from the onset of the relationship as she was committed to help build a strong global business.  For this reason, she agreed to work initially for a drastically reduced wage and agree to staggered salary

increases. This arrangement allowed Harmonia Holdings to see Ms. Darwall's impact first hand and reap the benefits – brand, execution and financial – of her expertise, relationships and managerial skills. Indeed, the agreed arrangement not only provided for Ms. Darwall to steadily increase her pay to a level which began to approximate her market value but also provided for "[a]dditional project bonuses and profit sharing . . . calculated based on the annual financial success of the projects."

211. Under the terms of the Consulting Agreement, Harmonia Holdings agreed to pay Ms. Darwall an initial monthly salary of $1,500 on September 1, 2020, increase to $3,000 effective January 1, 2021, move up to $5,000 at March 1, 2021, with a further uptick to $7,500 starting May 1, 2021 and the final level set at $10,000 as of July 1, 2021 then continuing thereafter.

212. Harmonia Holdings failed to pay Ms. Darwall as promised and did not extend any bonuses or profit sharing despite her contributions. In total, through November 30, 2023, Ms. Darwall was contractually entitled to receive no less than $331,000 under the Consultant Agreement but was paid only $45,000; this results in a shortfall of at least $286,000, excluding any interest or penalties.

## III. LEGAL ANALYSIS

### A. Ms. Darwall's Breach of the Contract Claims for Unpaid Wages Claim

213. It is axiomatic that the essential elements for pleading an action for breach of a written contract are (1) the existence of a written contract, (2) performance or excuse for non-performance, (3) breach, and (4) damages.

214. The existence of the Consultant Agreement is not in question as both the

Complaint and this response acknowledge it. Furthermore, both parties entered into the Consultant Agreement voluntarily and with mutual consent. Under the Consultant Agreement, Ms. Darwall is owed at least $286,000 in unpaid wages plus interest and penalties. Ms. Darwall has performed every obligation required of her under the Consultant Agreement. She performed her job more than satisfactorily and has put forth her time, effort, loyalty, and commitment during her entire engagement period. Indeed, many of the accolades and awards Harmonia Holdings has earned during the past several years are attributable to the work Ms. Darwall did at Harmonia Holdings.

215. Harmonia Holdings has breached the Consultant Agreement by refusing to pay all wages due to Ms. Darwall in a timely and complete manner during her engagement.

## **FIRST CAUSE OF ACTION**

### **(Breach of Ms. Darwall's Contract)**

216. Defendant/Cross Plaintiff repeats and realizes the allegations outlined in the preceding paragraphs as if they were fully set forth here.

217. Ms. Darwall is owed at least $286,000 in unpaid wages plus interest and penalties as Harmonia Holdings failed to pay her as promised in the Consultant Agreement.

218. Plaintiff/Cross Defendants breached the Employment Agreement by failing to pay Ms. Darwall, thus depriving her of her rights under the Consultant Agreement.

219. Ms. Darwall performed her duties and obligations set forth in the Consultant Agreement through the date of her purported termination.

220. By reason of Plaintiff/Cross Defendant's breach of the Consultant Agreement, Ms. Darwall is entitled to immediate payment, damages and such other and further relief as the

Court deems just and proper.

WHEREFORE, Ms. Darwall respectfully requests this Court enter judgment against Cross-Plaintiffs:

a.  awards immediate payment of unpaid contractual agreement plus interest;

b.  grants such other, further and different relief that this Court deems just, proper and equitable.

Dated: May 15, 2024

Respectfully submitted,

Legal GP

*Mitch H Kalcheim*

Mitch Kalcheim