UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAOHONG (A/K/A "SOPHIE") QI, AND HARMONIA HOLDINGS LTD.

          Plaintiffs,

    v.

KENNETH DINGLEDINE, YEBO (A/K/A "BORIS") CAO, BARBARA DARWALL, ROYO HOLDINGS LTD, HARMONIA HOLDINGS UK LTD.; BBK THEATRICALS LTD., JOHN DOES 1 through 10 and ABC COMPANIES 1 through 10

          Defendants.

Civil Action No. 1:23-CV-11094

**PLAINTIFFS' REPLY TO COUNTERCLAIMS OF DEFENDANT KENNETH DINGLEDINE**

Plaintiffs, by their attorney, Kantrowitz, Goldhamer & Graifman, P.C., as and for their Reply to the Counterclaims of Defendant Kenneth Dingledine ("Counterclaim"), allege as follows:

## SUMMARY OF COUNTERCLAIMS

1. Plaintiffs DENY the allegations contained in Paragraph "204" of the Counterclaim.

2. Plaintiffs DENY the allegations contained in Paragraph "205" of the Counterclaim.

3. Plaintiffs DENY the allegations contained in Paragraph "206" of the Counterclaim.

4. Plaintiffs DENY the allegations contained in Paragraph "207" of the Counterclaim.

5. Plaintiffs DENY the allegations contained in Paragraph "208" of the Counterclaim.

6. Plaintiffs DENY the allegations contained in Paragraph "209" of the Counterclaim.

7. Plaintiffs DENY the allegations contained in Paragraph "210" of the Counterclaim.

8. Plaintiffs DENY the allegations contained in Paragraph "211" of the Counterclaim, accept ADMIT that Dingledine was a board member of Broadway Licensing Global LLC ("BLG") until he was removed by the board in February 2024.

9. The allegations set forth in Paragraph "212" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "212."

10. The allegations set forth in Paragraph "213" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "213."

11. The allegations set forth in Paragraph "214" of the Counterclaim call for conclusions of law and therefore, no response is required. If a response is required, Plaintiffs DENY the allegations set forth in Paragraph "214."

12. Plaintiffs ADMIT that Qi, Brad Banks and Todd Abbott were investors in HTL and DENY knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of Paragraph "215," and DENY the allegations of the second sentence with respect to Plaintiff Qi and DENY the allegation upon information and belief with respect to Todd Abbott.

13.     Paragraph "216" is unintelligible, but to the extent it purports to allege statements "expressed" by Plaintiff Qi and Abbott, said allegations are DENIED.

14.     The allegations set forth in Paragraph "217" of the Counterclaim call for conclusions of law and therefore, no response is required.  To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "217."

15.     Plaintiffs DENY the allegations contained in Paragraph "218" to the extent they relate to Plaintiff Qi and DENY the other allegations upon information and belief in Paragraph "218."

16.     Plaintiffs DENY the allegations contained in Paragraph "219" to the extent they relate to Plaintiff Qi, and lack knowledge or information sufficient to form a belief as to remaining allegations contained in Paragraph "219."

## STATEMENT OF FACTS

17.     Plaintiffs DENY the allegations set forth in Paragraph "220" accept ADMIT an employment agreement was entered into with Dingledine and that he was president of Harmonia Holdings Ltd. pursuant to said agreement.

18.     Plaintiffs DENY the allegations set forth in Paragraph "221."

19.     The allegations set forth in Paragraph "222" of the Counterclaim call for conclusions of law and therefore, no response is required.  To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "222."

## LEGAL ANALYSIS

20.     The allegations set forth in Paragraph "223" of the Counterclaim purport to contain the pleading requirements for a breach of contract claim and therefore, no response is required.

-3-

21. The allegations set forth in Paragraph "224" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "224."

22. The allegations set forth in Paragraph "225" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "225."

23. Plaintiffs ADMIT only to the existence of New York Labor Law Section 193, which is a written statute which speaks for itself. Except as expressly admitted, the remaining allegations set forth in Paragraph "226" of the Counterclaim are legal conclusions, and therefore, no response is required.

24. Plaintiffs DENY the allegations set forth in Paragraph "227."

25. Plaintiffs DENY the allegations set forth in Paragraph "228."

26. Plaintiffs ADMIT that they contend that Defendants usurped corporate opportunity by forming Harmonia Holdings UK Ltd. and BBK, but DENY that Defendants formed these entities with "total transparency and with Plaintiffs' knowledge and blessing" as alleged in Paragraph "229."

## REPLY TO FIRST COUNTERCLAIM

27. Plaintiffs repeat and reallege each and every response to the prior allegations in response to Paragraphs "204" through "229" of the Counterclaim.

28. Plaintiffs admit only to the existence of the employment agreement which speaks for itself. Except as expressly admitted, Plaintiffs DENY the remaining allegations set forth in Paragraph "231" and respectfully refer the Court to Defendant's employment agreement for the full and complete recitation of its terms.

29. The allegations set forth in Paragraph "232" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "232."

30. The allegations set forth in Paragraph "233" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "233."

31. The allegations set forth in Paragraph "234" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "234."

32. Plaintiffs ADMIT only to the existence of the employment agreement as set forth in Paragraph "235" and which speaks for itself. Plaintiffs respectfully refer the Court to the employment agreement for the full and complete recitation of its terms.

33. Plaintiffs ADMIT with regard to the allegations set forth in Paragraph "236" that Defendant Dingledine was terminated on December 21, 2023 but DENY he is entitled to any further payment given his breaches of fiduciary duty.

34. The allegations set forth in Paragraph "237" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "237."

35. Plaintiffs DENY the allegations set forth in Paragraph "238" and respectfully refer the Court to the allegations set forth in the Complaint.

36. Plaintiffs DENY the allegations set forth in Paragraph "239" and respectfully refer the Court to the allegations set forth in the Complaint.

37. The allegations set forth in Paragraph "240" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "240."

## REPLY TO SECOND COUNTERCLAIM

38. Plaintiffs repeat and reallege each and every response to the prior allegations in response to Paragraphs "204" through "240" of the Counterclaim.

39. Plaintiffs DENY the allegations set forth in Paragraph "242."

40. Plaintiffs DENY the allegations set forth in Paragraph "243."

41. Plaintiffs DENY the allegations set forth in Paragraph "244."

42. The allegations set forth in Paragraph "245" of the Counterclaim call for conclusions of law and therefore, no response is required. To the extent a response is required, Plaintiffs DENY the allegations set forth in Paragraph "245."

43. As to the relief requested in the *ad damnum* clause set forth in the Counterclaim, Plaintiffs DENY that Defendant is entitled to any relief from Plaintiffs under the facts and circumstances alleged in the Counterclaim.

44. All allegations in the Counterclaim not deemed admitted or denied above are hereby specifically denied to the extent necessary to avoid admission thereof.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

45. Plaintiffs set forth the following defenses without assuming the burden of proof as to any issues to which Defendant bears the burden of proof under applicable law. All defenses are pled in the alternative and do not constitute admission of liability on behalf of Plaintiffs or as to whether Defendant is entitled to any relief whatsoever. Furthermore, Plaintiffs have not

knowingly or voluntarily waived any applicable affirmative defenses reserve the right to supplement the below affirmative defenses ias may become available or apparent as discovery commences and progresses in this action.

46. The Counterclaim fails to state a claim for which relief can be granted and further fails to state sufficient facts to entitle Defendant to the relief sought, or to any relief whatsoever from Plaintiffs.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS

47. Damages, if any, alleged to have been suffered by Defendant, were caused, in whole or in part, by the intentional conduct, negligent conduct, fault, or other culpable conduct of Defendant or others over whom Defendant exercised authority and/or control.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS

48. Defendant's counterclaims are barred by documentary evidence.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS

49. Defendant has not suffered any loss, damage, or injury as a result of the conduct alleged in the Counterclaim.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS

50. Defendant's counterclaims are barred by the Defendant's prior breach of his contractual obligations with Plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS

51. Defendant's counterclaims are barred by the doctrines of waiver and estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

52. To the extent that Defendant was responsible for administering, managing and authorizing Harmonia Holdings Ltd.'s payroll, Defendant consented to the extent of wages he was paid and the conduct he alleges breached his employment agreement.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

53. Defendant's counterclaim for breach of contract is barred by the doctrine of accord and satisfaction.

### AS AND FOR A NINETH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

54. Defendant's counterclaim for breach of contract is barred by the doctrine of laches.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

55. Defendant knowingly, repeatedly, and voluntarily participated in the complained of conduct by administering, managing and authorizing Harmonia Holdings Ltd.'s payroll, including the wages Defendant authorized and managed for himself.  In so doing, Defendant accepted these wages in exchange for the benefits of his continued employment at Harmonia Holdings Ltd.  Defendant cannot now seek recovery for the same conduct which he ratified, or to which he acquiesced.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

56. Defendant breached his fiduciary duties to Harmonia Holdings Ltd. and to Plaintiff Qi, as its sole shareholder.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

57. Defendant conspired with others to injure Harmonia Holdings Ltd. in its business while employed by Harmonia Holdings.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

58. Defendant's counterclaims are barred by Defendant's breach of the implied covenant of good faith and fair dealing.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

59. Defendant's counterclaims are barred by the doctrine of unclean hands.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

60. Defendant's counterclaim for defamation is barred in that any statements or communications alleged to have been made by Plaintiffs were either true, non-actionable statements of opinion, and/or are too loose, figurative, hyperbolic or otherwise incapable of a defamatory meaning.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

61. To the extent that Plaintiffs referred to allegations made in a litigation or made statements in the litigation, such statements are non-actionable and protected by the doctrine of qualified immunity.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE
### TO DEFENDANT'S COUNTERCLAIMS

62. All actions which are alleged to have been taken by Plaintiff Qi in her position at HTL, and all internal decisions by the board of HTL were the result of the business judgement of such board.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant on each of his Counterclaims, and for such other and further relief as the Court deems just and proper.

Dated: June 6, 2024

**KANTROWITZ, GOLDHAMER
& GRAIFMAN, P.C.**

By: /s/ Gary S. Graifman
    Gary S. Graifman, Esq.
    Daniel C. Edelman, Esq.
    16 Squadron Blvd., suite 106
    New City, New York 10956
    Tel: (845) 367-2570
    ggraifman@kgglaw.com
    dedelman@kgglaw.com

*Attorneys for Plaintiffs*